## 5171.

# JOHN YOUNG, ET ALS vs. LONGSHOREMENS' P. U. BENEVOLENT ASS'N.

## On Motion to Dismiss.

1. A suspensive appeal lies of right from a final judgment on the merits of a cause.

2. A preliminary injunction was prayed for to prevent alleged irreparable injury, but was not allowed; after a trial on the merits a final judgment was rendered disposing of all the issues in the case and granting a permanent injunction. Held; That defendant was entitled to appeal suspensively from said judgment.

Appeal from the Civil District Court, Division "B."

Howard & Hollander, for plaintiff and appellee.

J. J. McCloskey and J. M. Vance, for defendant and appellant.

ST. PAUL, J.—Plaintiffs filed their petition and alleged impending irreparable injury, praying for a preliminary injunction prohibiting defendant from dealing with or paying certain physicians said to have been illegally chosen physicians of the association. They further prayed that after due proceedings had said injunction be perpetuated, that the election of said physicians be declared illegal and void, and that their pretended contracts of employment be annulled and set aside; and they prayed for general relief.

No preliminary injunction was granted, but instead thereof the district judge issued a rule nisi.

Defendant filed a written return to the rule nisi and in

the same instrument answered the petition and joined issue thereon.

On the day fixed for a hearing on the **rule nisi** and before said hearing was had, the following agreement was entered into:

Agreement:

"It is agreed between plaintiffs' and defendant's counsel that the matters herein to be adjudicated on by the court shall be taken up on the merits and all exceptions and pleas."

Thereupon evidence was heard, the cause was argued and submitted and a judgment rendered as follows:

"It is ordered, adjudged and decreed that the injunction herein issued be maintanied and declaring the election held July 4, 1910, to be illegal, void and of no effect. It is further ordered, etc., that there be an election held on Monday, October 10, 1910, between the hours of 9 A. M. and 6 P. M. in accordance with the by-laws and constitution of the defendant association, to elect four physicians for said defendant association, said election to be held in the rooms of the defendant association No. 2059 Jackson Avenue, under the supervision of Charles J. Jackson and Clarence J. Cocke, special commissioners herein appointed by the Court, and said commissioners to be duly sworn. It is further ordered, etc., that each member of said association be duly notified of said election by postal card announcing same."

Thereupon defendant took a suspensive appeal and plaintiff now moves to dismiss the same on the ground that the injury being irreparable no suspensive appeal lies from said judgment.

Granting that no suspensive appeal generally lies from an order granting a preliminary injunction **pendente lite,** whether rendered **ex parte** or following a **rule nisi,**

the matter at bar is not in that category. In the first instance the order is only interlocutory and disposes finally of none of the issues in the case. It must be followed by a judgment on the merits, perpetuating or dissolving the injunction and disposing of all the issues involved. This constitutes the final judgment in the cause from which a suspensive appeal lies of right.

But in the case at bar there is no endeavor to appeal from an interlocutory order granting a preliminary injunction. All parties consented to a trial on the merits, and after a trial so had, judgment was rendered granting a permanent injunction and disposing of all the issues in the case.

This was a final judgment; nothing more was left to be done or could be done by the court a qua. **Code of Practice 539, 548.** Hence defendant was entitled to an appeal **of right,** which being taken in time and in the manner pointed out by law, has the effect of staying the execution of the judgment.

### Code of Practice, 565, 575.

Plaintiffs were not required to try the merits of the case when the **rule nisi** was called, and might have limited the inquiry to the question whether an injunction should issue **pendente lite,** but they have not done so. They chose rather to try the merits of their case and obtained a final judgment which not only granted a perpetual injunction, but also annulled and set aside the election previously held by defendant, and directed a new election to be held.

Defendants are clearly entitled to appeal from a judgment of this nature, and to have the execution thereof suspended pending the appeal.

Motion denied.

December 5, 1910.

## On the Merits.

1. It is settled law that irregularities in the conduct of an election which do not affect the result, or the mere position of a ballot box without resulting injury will not render an election invalid.

2. A meeting held at a time other than that fixed by the constitution and without notice of the change of date will not bind the members who did not participate therein.

DUFOUR, J.—The plaintiffs, members of the defendant association, ask by injunction that the election held on July 4, 1910, of a physician be set aside and that the association be ordered to hold another election.

The grounds of complaint are.

1st. That the commissioners of election were denied access to the room containing the ballot box, and that fraudulent ballots were placed therein.

2nd. That the election was held on a day other than that provided by the constitution and without proper notice.

The answer denies that there was fraud sufficient to affect the result of the election and urges that the complainants voluntarily participated in the election and are hence estopped to question its validity.

The only suggestion of fraud is found in the fact that although only 218 votes are recorded as having been cast, the box contained 226. It is not claimed that any one voted who had no right to do so, or that anyone entitled to vote was denied that privilege. It is clear that as Dr. Newman, the defeated candidate, was beaten by more than a sixty vote majority, the disparity of eight votes could not have affected the result.

The ballot box was in the usual location and exposed to view.

It is settled law that irregularities in the conduct of an election which do not affect the result or the mere posi-

tion of a ballot box without resulting injury, will not render the election invalid.

Am. Eng. Encyc. of Law (2nd. Ed.), Vol. 10, p. 670; 12 An. 366; 27 An. 507; 46 An. 679.

The provisions of Article 3 of the Constitution of the Association relate to the regular monthly, quarterly, annual meetings and the annual election of physicians at stated times and make no mention of any obligation to give notice.

Section 10 of that article declares how special meetings may be called and adds "that the president shall notify the grand marshal, who will in turn notify the members of said special meetings."

The election in controversy here was not held at the time stated in the constitution, to-wit: sixty days after the annual election and it cannot, therefore, be assumed that, under the constitution, the members were charged with notice of the meeting.

The president announced that the July 4th meeting, the one now attacked as irregular, at the meeting of June 28th, only eighty or ninety members out of a thousand were present, and no other regular notification ever issued.

Two of the complainants participated in the election, Brown and Miller; there is nothing to show that Young, Carter and Watson, the other complainants, were among those attending the meeting of June 28th, at which the notice was given, or that they participated in the meeting of July 4th.

Hence, they cannot be held estopped to deny the validity of the action of the association. The facts upon which estoppel is based must be proved by the party urging the plea.

Conceding arguendo that, under certain circumstances, meetings may be held at times other than those pre-

scribed by the constitution, yet it is clear that, in order to bind the members, notice of the change of date must be given.

The judgment is affirmed at appellant's cost, but, as the date herein fixed for a new election has passed pending the appeal, we must remand the cause for further action in the premises.

The judgment is affirmed at appelalnt's cost and the cause is remanded with instruction to the lower court to fix a new date for the election and for further proceeding according to law and the views herein expressed.

February 6, 1911.

————o————

5124.

(Court of Appeal, Parish of Orleans).